TM:AHT
F#2012R00396

**12M757**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR A SEARCH WARRANT FOR:<br><br>THE PERSON KNOWN AND DESCRIBED AS GARY FAMA, D.O.B. | AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT<br><br>(T. 18, U.S.C., §§ 2113(a), 924(c)(1)(A)(i) and 924(c)(1)(A)(ii)) |

- - - - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

      BENJAMIN C. LANGEL, being duly sworn, deposes and says that he is a Special Agent of the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

      Upon information and belief, there is probable cause to believe that evidence of violations of Title 18, United States Code, Sections 2113(a), 924(c)(1)(A)(i) and 924(c)(1)(A)(ii), to wit: bank robbery and unlawful use of a firearm, will be obtained by the taking, and preserving as evidence, of a buccal swab sample or blood sample of GARY FAMA.[1]

---

[1] Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885 F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-85 (D.S.C. 2002). But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA from an inmate); In re Vickers, 38 F. Supp. 2d 159, 165-68 (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

The source of your deponent's information and the grounds for his belief are as follows:[2]

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed for approximately seven years. The facts set forth in this affidavit are based upon my own investigation of the facts and upon what I have learned from other individuals that have participated in the investigation. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

2. I have been involved in an investigation of the defendant GARY FAMA for bank robbery conspiracy, bank robbery, and unlawful use of a firearm, in violation of Title 18, United States Code, Sections 2113(a), 924(c)(1)(A)(i) and 924(c)(1)(A)(ii).

3. On or about December 29, 2011 at approximately 5:55 p.m., two white males entered Capital One Bank, located at 7120 New Utrecht Avenue, Brooklyn, New York, 11228. The bank robbers ordered everyone in the bank to get down on the ground and forbade anyone to look at them. One of the bank robbers, described by witnesses as approximately 5'6" and weighing

---

[2] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, I have not set forth all of the facts and circumstances relevant to this investigation.

approximately 240 lbs., was armed with a handgun. The bank robber with the handgun was wearing a hooded sweater beneath a jacket and a dark baseball hat underneath. The second bank robber jumped over the bank counter and took approximately five thousand, six-hundred fifty-eight dollars ($5,658.00) from the drawers in the teller's station. The two men then exited the bank. During the bank robbery, a bank employee triggered the bank's silent alarm. Law enforcement responded to the scene within approximately two minutes.

4. Upon arrival at the scene, law enforcement personnel discovered an unoccupied 2007 black Lexus ES 350, New York license plate FCS3340 ("the Lexus"), which was parked down the block from the Capital One Bank. The Lexus appeared to be abandoned. The right rear tire of the Lexus was resting on the curb of the sidewalk on 72nd Street. The front passenger window was down.

5. Based on information obtained from an eyewitness located at the scene, FBI agents learned that the Lexus reversed down 72nd Street at a high rate of speed heading away from the Capital One Bank as police sirens were heard approaching the area. The Lexus pulled to the side of 72nd Street and came to a stop with its right rear tire resting on the curb of the sidewalk. A marked New York Police Department patrol car en route to the Capital One Bank passed the Lexus. The witness then

4

saw two white males exit the Lexus and run eastbound on 17th Avenue. The witness was shown a photo array that included a photograph of the defendant GARY FAMA and identified the defendant as the white male who exited from the passenger side of the Lexus.

6. On or about December 29, 2011, the FBI Evidence Response Team ("ERT") collected from the Lexus, among other things, several articles of clothing, including a leather jacket, a vest, gloves and a black baseball hat (collectively, the "SUBJECT EVIDENCE"). A blood-stained napkin was found inside of the vest. The black baseball hat was found in the passenger well of the Lexus.

7. GARY FAMA was a federal inmate between April 2000 and June 2009. During his incarceration, a sample of his DNA was taken and entered into the Combined DNA Index System ("CODIS"). The NYPD DNA lab compared the blood-stained napkin described above to the sample of FAMA's DNA in CODIS and determined that they are a match.[3] However, the DNA lab advises that it requires a DNA sample retrieved directly from FAMA in order to be able to determine definitively whether the blood and hair samples recovered from the SUBJECT EVIDENCE belong to FAMA. The DNA lab

---

[3] The NYPD DNA lab has not yet compared the DNA recovered from the jacket, the dark baseball hat or the gloves to FAMA's CODIS sample.

5

also advises that it requires a buccal swab sample or blood sample from GARY FAMA to obtain the necessary DNA.

8. On or about March 13, 2012, the Grand Jury returned an indictment charging the defendant GARY FAMA with conspiracy to commit bank robbery, bank robbery, and unlawful use of a firearm, in violation of Title 18, United States Code, Sections 2113(a), 924(c)(1)(A)(i) and 924(c)(1)(A)(ii), stemming from the bank robbery at 7120 New Utrecht Avenue, Brooklyn, New York on December 29, 2011.

9. Based on the above information, there is probable cause to believe that GARY FAMA is a source of the DNA evidence found on the SUBJECT EVIDENCE. Therefore, there is probable cause to believe that a buccal swab sample or a sample of FAMA's their blood constitutes evidence of the defendant's participation in the charged crimes.

WHEREFORE, your deponent requests that a search warrant be issued authorizing FBI Special Agents and other appropriate law enforcement and support personnel to seize and obtain from GARY FAMA a buccal swab sample or sample of his blood. An appropriately trained law enforcement officer, or an appropriately trained designee, will perform the cheek swabbing. The DNA samples sought herein will be collected by buccal swabbing. This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek, then the

6

inside left cheek, for approximately five to 10 seconds. Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis. A blood sample will only be sought in the event that GARY FAMA refuses to submit to a buccal cheek swab. In the event that a blood sample is taken, a licensed doctor or nurse or other qualified medical practitioner will take the sample.

BENJAMIN C. LANGEL
Special Agent
Federal Bureau of Investigation

Sworn to b
day of

UNITED STA
EASTERN DI